James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

FIRST VICTORIA NATIONAL BANK, a Corporation, Defendant-Appellee.

No. 30864.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1971.

**48**

Peter G. Nash, Sol. of Labor, Dept. of Labor, Washington, D. C., James E. White, Bessie Margolin, Associate Sol., Carin Ann Clauss, Atty., for Sec. of Labor, Dept. of Labor, Washington, D. C., Jacob I. Karro, Judith Bleich Kahn, Attys., United States Department of Labor, Washington, D. C., Major J. Parmenter, Regional Sol., for plaintiff-appellant.

Frank G. Guittard, Guittard, Henderson, Jones & Lewis, Victoria, Tex., for defendant-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

PER CURIAM:

The Secretary of Labor brought this action under the Equal Pay Act of 1963, 29 U.S.C.A. § 206(d) (1), for relief in connection with defendant's alleged wage discrimination on the basis of sex.

This case is before the Court for the second time. The district court, in its first decision dismissing the action, concluded that the higher wages paid to men by defendant bank were due to the men's participation in a training program purposed to prepare them for officer posi-

tions. Wirtz v. First Victoria Nat'l Bank, 58 CCH Lab.Cas. ¶ 32,074 (S.D. Tex.1968). Finding that the training program was vague and illusory, and administered in a discriminatory fashion against women, we reversed and remanded for a determination of whether in fact there was unequal pay for equal work and whether any differences in pay could be justified under the exceptions of the statute. Shultz v. First Victoria Nat'l Bank, 5th Cir. 1970, 420 F.2d 648.

On remand, the district court again dismissed the action, finding that the wage differentials were due to inequality in work assignments and defendant's merit system in the promotion of its employees. Hodgson v. First Victoria Nat'l Bank, 63 CCH Lab.Cas. ¶ 32,378 (S.D. Tex., 1970).

Review of district court findings is limited by Fed.R.Civ.P. 52(a), and this Court cannot set aside these findings unless they are clearly erroneous. After a careful review of the record, we have found substantial evidence to support the district court decision, and cannot, therefore, consider it clearly erroneous.

Affirmed.